IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                      CRIMINAL NO.: 06-1024 WJ

ADONEUS JOHNSON,

    Defendant.

**ORDER GRANTING UNITED STATES' MOTION FOR ORDER OF INELIGIBILITY FOR REDUCED SENTENCE UNDER 18 U.S.C. § 3582(c)(2)**

THIS MATTER was initiated by the Pro Se Motion for Sentence Reduction (Doc. 139) filed by Defendant Adoneus Johnson ("Defendant"). The United States Probation Office filed a memorandum dated August 12, 2015 (the "Probation Memo") which has as an attachment the Defendant's Pre-Sentence Report ("PSR") which was prepared in connection with the sentencing of the Defendant for the underlying offense in the Redacted Indictment: "Possession With Intent to Distribute 5 Grams and More of a Mixture and Substance Containing a Detectable Amount of Cocaine Base; 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B); 5 to 40 years imprisonment; …a Class B Felony." PSR ¶ 1. Subsequently, the United States filed its Motion for Order of Ineligibility for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) (Doc. 143) and the Defendant, now represented by counsel, then filed his Response in Opposition to the Government's Motion for Ineligibility Order (Doc. 144). Having considered the parties' written arguments and the applicable law, the Court finds that the United States' Motion is well-taken and, therefore, is **GRANTED**.

**BACKGROUND**

On September 10, 2008, Defendant entered a guilty plea to possession with intent to distribute 5 grams and more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The Defendant's plea agreement contained a stipulation entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) in which the parties agreed the sentence of imprisonment shall be for a term of 156 months or 13 years. *See* Doc. 103. Rule 11(c)(1)(C) permits the United States and Defendant to agree on a specific sentence or sentencing range. Fed. R. Crim. P. 11(c)(1)(C). If the district court accepts the agreement it is bound to impose a sentence that is in accordance with the agreement. *Id.*

The PSR determined the Defendant's advisory sentencing guideline range, after application of all adjustments, to be 188–235 months. PSR ¶ 89. The PSR assigned Mr. Johnson a total offense level of 34 and a criminal history category VI based on the determination that Defendant qualified as a career offender. PSR ¶¶ 24, 42. The plea agreement contains a statement that "[t]his agreement takes into account the changes in the sentencing guidelines for cocaine base, effective March 3, 2008." Doc. 103, ¶ 5. The plea agreement also states that, as part of the factual basis that was admitted to by the Defendant, there was a rock-like substance located in the rear of the Defendant's pants and that "[l]aboratory tests confirmed the substance as 44.0 grams of cocaine base, with a purity of 91%." *Id.* ¶ 7. On March 25, 2009, consistent with the plea agreement which was accepted by the Court[1], Defendant was sentenced to a 13-year term of imprisonment. The sentencing judge found that Mr. Johnson was a career offender and calculated the guideline range under the career offender guidelines to be 188 to 235 months. The judge accepted the plea agreement, including the Rule 11(c)(1)(C) provision for a sentence

---

[1] The Defendant was sentenced in 2009 by Senior U.S. District Judge John Conway. Judge Conway died in 2014 so when Defendant initiated these proceedings, the matter was randomly assigned to the undersigned judge.

of 13 years. He decided there were unspecified justifiable reasons for the 32-month departure from the bottom (188 months) of the guideline range to 156 months.

The last paragraph of the Probation Memo states:

> Based on the 2014 retroactive guideline amendment to U.S.S.G. § 2D1.1, the defendant's base offense would be 24, rather than 28. An offense level of 24 combined with a criminal history category of VI results in a guideline imprisonment range of 100 to 125 months. However, because the defendant was sentenced to a specific sentence of 156 months, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, which was not based on the defendant's offense level, the defendant is not eligible for any reduction.

While the Court agrees with the ultimate conclusion that Defendant is not eligible for any sentence reduction, this paragraph of the Probation Memo fails to recognize or discuss Defendant's status as a career offender, a fact that was likewise omitted from discussion by the United States in its motion or the Defendant in his response.

At the time the Defendant was sentenced in 2009, the threshold quantity of cocaine base qualifying as a Class B Felony for the crime of possession with intent to distribute was 5 grams. In August of 2010, President Barak Obama signed the legislation enacted by Congress known as the Fair Sentencing Act of 2010. This statute made numerous changes in federal drug laws one of which was to raise the threshold quantity of cocaine base to qualify as a Class B Felony from 5 grams to 28 grams. *See* 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B)(iii). Defendant, however, does not benefit from this statutory change because he possessed with the intent to distribute 44 grams of cocaine base and thus, he is still guilty of a Class B Felony because he possessed with the intent to distribute a quantity of cocaine base greater than 28 grams. Moreover, the statutory sentencing range for this Class B Felony is still 5 to 40 years.

If the Defendant was not a career offender, then under the 2014 retroactive guideline amendment to U.S.S.G. § 2D1.1, the Defendant's adjusted offense level would be 24 instead of

28 as noted in the Probation Memo.  However, the Probation Memo is incorrect regarding criminal history category.  Defendant's criminal history category would be V instead of VI because the Defendant had 10 criminal history points from his prior criminal history.  PSR ¶ 42.  Thus, absent career offender status, Defendant's offense level under the 2014 guideline amendments is 24, criminal history category is V, which results in a sentencing guideline range of 92 to 115 months.  However, this analysis overlooks Defendant's career offender status and because Defendant is a career offender, the Fair Sentencing Act of 2010 and the 2014 retroactive guideline amendment to § 2D1.1 do not result in any changes to Defendant's guideline sentence.

As noted above, Defendant possessed with the intent to distribute 44 grams of cocaine base so he is still guilty of a Class B Felony with a statutory sentencing range of 5 to 40 years.  Additionally, Defendant had two prior qualifying drug trafficking felony convictions (PSR ¶ 24), so Defendant meets the career offender requirements of U.S.S.G. § 4B1.1(a).  Consequently, under U.S.S.G. § 4B1.1(b), Defendant's offense level is raised to 34 and his criminal history category is raised to VI.  Defendant is entitled to a three level reduction for acceptance of responsibility, so Defendant's offense level is 31, criminal history category is VI, which results in a sentencing guideline range of 188 to 235 months, the same sentencing guideline range in 2009 when Defendant was originally sentenced.

The Court acknowledges that presently pending before the United States Supreme Court is the case of *Beckles v. United States*, 616 F.App'x 415 (11th Cir. 2015), cert. granted 136 S.Ct. 2510 (2016), challenging the constitutionality of the career offender section of the United States Sentencing Guidelines.  In *Beckles* the Supreme Court is expected to decide whether *Johnson v. United States*, ––– U.S. ––––, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), applies to sentences imposed under the residual clause of the Career Offender Guidelines and, if so, whether that rule

applies retroactively. The parties and the Court could engage in extensive analysis and speculation on the various potential outcomes of the *Beckles* case; however, regardless of what the Supreme Court decides in *Beckles*, this case will not be affected because Defendant was sentenced pursuant to a Rule 11(c)(1)(C) Plea Agreement that was not tied to any specific provision in the Sentencing Guidelines.

In the Government's Motion for Order of Ineligibility For Reduced Sentence Under § 3582(c)(2), the Government argues that Defendant's plea agreement does not meet the standard Justice Sotomayor established for a Rule 11(c)(1)(C) agreement to qualify for § 3582(c)(2) relief. Defendant contests this assertion in his Response in Opposition.

## DISCUSSION

Defendant is ineligible for a reduced sentence under 18 U.S.C. § 3582(c)(2), so the Court concludes the 2014 retroactive amendment to USSG § 2D1.1 does not affect the sentence that was imposed in 2009 pursuant to Defendant's Rule 11(c)(1)(C) Plea Agreement.

In support of its argument, the United States points to *Freeman v. United States*, 564 U.S. 522 (2011), where the Supreme Court considered whether a defendant who pleads guilty in exchange for a specific sentence pursuant to Rule 11(c)(1)(C) is eligible for a Section 3582(c)(2) sentence reduction. In *Freeman*, Justice Sotomayor concurred with the plurality opinion[2] and concluded that "if a [Rule 11(c)(1)(C)] agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is

---

[2] According to the plurality, "[Section] 3582 modification proceedings should be available to permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement." *Id*. at 530. The parties agree Justice Sotomayor's standard applies here. Moreover, The Tenth Circuit agrees that Justice Sotomayor's standard is to be applied in cases involving Rule 11(c)(1)(C) agreements. *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013).

'based on' the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2)." *Id*. at 534. Justice Sotomayor concluded that when an 11(c)(1)(C) agreement calls for a specific term of imprisonment, as in this case, that prison term would be based on a Guidelines sentencing range applicable to the offense under § 3582(c)(2) "[a]s long as that sentencing range is evident from the agreement itself." *Id.* at 539. Justice Sotomayor insisted the sentence would not be based on the parties' background negotiations, just the agreement. *Id.* at 538.

The United States contends nothing in the plea agreement ties the agreed-upon range to the applicable Guideline and in fact, the plea agreement is silent on what framework the parties relied on to arrive at the agreement. And because the controlling standard under *Freeman* requires the plea agreement itself to provide in express terms that the agreement is tied to guideline range, an inference that the parties "must have" relied on the Guidelines in choosing the range is not sufficient to warrant relief. Because the plea agreement here does not expressly provide that the agreement is tied to the Guidelines' range, the Court should find Defendant ineligible for a sentence reduction pursuant to Section 3582(c)(2).

Defendant responds that under Justice Sotomayor's *Freeman* concurrence, the plea agreement contains enough information to make it evident that Defendant's sentence was based on a sentencing range determined by the crack cocaine guidelines of 100 to 125 months because his sentence is almost exactly 25% above 125 months[3]. Defendant points out that in *Freeman*, Justice Sotomayor determined the sentencing range the parties contemplated was evident from the agreement. *Freeman*, 564 U.S. at 542. She looked to the Guidelines sentencing table and found that the offense level and criminal history category the agreement contemplated led to a guideline range of 46 to 57 months, and the defendant had been sentenced to 106 months. She

---

[3] As noted above, Defendant ignores his designation as a career offender.

6

then concluded the agreement employed the 46-month figure at the bottom of that range in combination with the 60-month mandatory minimum sentence for the 18 U.S.C. § 924(c)(1)(A) count to arrive at the 106-month stipulated-to sentence.  *Id.* at 542–43.  Defendant states Justice Sotomayor held the defendant was eligible for a sentence reduction even though the plea agreement did not state the parties agreed to 46 months because it was at the bottom of the Guideline range.

    Defense counsel disregarded Defendant's career offender status, so the Court need not consider Defendant's argument that his 156-month sentence was based on the 100 to 125-month range that he claims was determined by the crack cocaine Guidelines.  The Rule 11(c)(1)(C) plea agreement makes no explicit reference to a specific  Guideline sentencing range, so Defendant is not eligible for a sentence reduction.  Justice Sotomayor explained a sentence imposed "pursuant to a Rule 11(c)(1)(C) agreement generally will be "based on" the agreement itself, not the district court's guidelines calculation, because the Rule 11(c)(1)(C) agreement is binding once accepted and, "[a]t the moment of sentencing, the court simply implements the terms of the agreement it has already accepted."  *Id.* at 535–36.  Notably, Justice Sotomayor concluded "the mere fact that the parties to a (C) agreement may have considered the Guidelines in the course of their negotiations does not empower the court under § 3582(c)(2) to reduce the term of imprisonment they ultimately agreed upon."  *Id.* at 537.  A defendant is eligible for a sentence reduction under § 3582(c)(2) when the Rule 11(c)(1)(C) agreement "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission."

    The Court agrees with the United States and concludes that Defendant is not eligible for a Section 3592(c)(2) reduction because nothing in the plea agreement expressly ties the agreed

upon range to the applicable Guidelines.  In other words, Defendant's sentence was determined by the plea agreement, not by reference to the Guidelines.  In fact, the plea agreement is largely silent on exactly how the parties arrived at the agreed upon sentence.

Defendant is not eligible for any sentence reduction because he was sentenced according to a Rule 11(c)(1)(C) agreement that was not based on his offense level or on his status as a career offender.   Justice Sotomayor clearly articulated that the plea deal must explicitly rely upon a Guideline range in order for a defendant to be entitled to the amendment. *Freeman*, 564 U.S. at 542–43.  She elaborated that allowing "district courts later to reduce a term of imprisonment simply because the court itself considered the Guidelines in deciding whether to accept the agreement would transform § 3582(c)(2) into a mechanism by which courts could rewrite the terms of (C) agreements in ways not contemplated by the parties." *Id.* at 536.  Even if "the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement," § 3582(c)(2) does not permit the district court to revisit a prior sentence. *Id.* at 537.  Rather, the agreement must expressly employ a Guideline range.  The plea agreement here does not expressly use a Guideline range, so Defendant is not eligible for a sentence reduction. *See also Graham*, 704 F.3d at 1278 (district court authorized to reduce stipulated sentence only when parties stipulate to a prison term that is expressly based on a particular guideline range).

In *Freeman*, the agreement stated the parties "independently reviewed the Sentencing Guidelines applicable," noted that the defendant agreed to have his sentence determined under the Guidelines, and reflected the parties' understanding that the agreed-to sentence corresponded with the minimum sentence suggested by the applicable Guidelines." *Id.* at 527.  The agreement thus corresponded with the minimum sentence imposed by the Guidelines. *Id.* at 528.

In this case, the agreement contains no such language.  The plea agreement did not tie Defendant's recommended sentence to the guideline range under any express terms.  There is no indication the parties agreed to a specific sentencing range within the Guidelines.  Defendant argues the parties necessarily used the Guidelines as a benchmark because the 13-year sentence is almost exactly almost exactly 25% above the top end of the crack cocaine guideline range, but once again, this argument completely ignores Defendant's status as a career offender.  Moreover, such an inference will not suffice under *Freeman*.  Justice Sotomayor's standard requires the plea agreement itself to provide in express terms that the agreement is tied to the Guidelines range.  *Id.* at 537 ("the mere fact that the parties to a (C) agreement may have considered the Guidelines in the course of their negotiations does not empower the court under § 3582(c)(2) to reduce the term of imprisonment they ultimately agreed upon.")  Indeed, Justice Sotomayor explained that "in most cases the Government and the defendant will negotiate the term of imprisonment in a (C) agreement by reference to the applicable Guidelines provisions."  *Id.*  However, the ultimate plea agreement is not based on those background negotiations.  *Id.* at 538.  Even if the sentencing range in question was "a relevant part of the analytic framework" as Defendant insists, this alone does not permit the Court to revisit his prior sentence.  *Id.* at 537.  Section 3582(c)(2) does not permit "district courts to engage in a free-ranging search through the parties' negotiating history in search of a Guidelines sentencing range that might have been relevant to the agreement or the court's acceptance of it."  *Id.* at 538.  This is precisely what Defendant would have the Court do in his case.

## CONCLUSION

For the reasons stated in this Memorandum Opinion and Order, the Court finds and concludes that the Defendant is not eligible for any sentence reduction. Therefore, the United

States' Motion for Order of Ineligibility for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) Regarding Drug Quantity Table (**Doc. 143**) is **GRANTED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE