IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.                                                                                         NO.: 06-1024 WJ

ADONEUS JOHNSON,

        Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT ADONEUS JOHNSON'S MOTION TO RECONSIDER THE ORDER FINDING HIM INELIGIBLE FOR A REDUCED SENTENCE UNDER 18 U.S.C. § 3582(c)(2)**

THIS MATTER comes before the Court on Defendant Adoneus Johnson's Motion to Reconsider the Order Finding Him Ineligible for a Reduced Sentence Under 18 U.S.C. § 3582(c)(2), filed on February 9, 2017 (**Doc. 147**). Having considered the parties' written arguments and the applicable law, the Court finds that Defendant's Motion is not well-taken and, therefore, is **DENIED.**

## BACKGROUND

The relevant factual and procedural background facts are set forth in the Court's Order Granting United States' Motion for Order of Ineligibility for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) (Doc. 145), as well as the parties' briefs (Docs. 147 and 153). On February 6, 2017, the Court issued an order of ineligibility for a reduced sentence under 18 U.S.C. § 3582(c)(2) based on Defendant's status as a career offender and on the Rule 11(C)(1)(c) plea agreement, which the Court found was not expressly tied to the guidelines. Defendant now asks the Court to reconsider its order to "correct a clear error and to prevent manifest injustice," arguing the Court failed to consider many of Defendant's arguments.

## DISCUSSION

Defendant argues the Court erred by mentioning "only one point Mr. Johnson made on behalf of his contention that his plea agreement was based on a subsequently-lowered guideline range of 100 to 125 months." Doc. 147 at 3. Defendant maintains that the Court's "incorrect repeated statements that Mr. Johnson ignored the implications of the career offender guidelines shows it failed to consider a substantial part of Mr. Johnson's argument on behalf of granting his § 3582(c)(2) motion." *Id.*

The Court did not fail to consider or otherwise overlook the litany of reasons Mr. Johnson proffered for his argument that his plea agreement was based on a subsequently-lowered guideline range of 100 to 125 months, and therefore he is eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2). Rather, after careful consideration, the Court concluded that none of those reasons were material to advancing Mr. Johnson's request in that each reason was based on the false premise that Mr. Johnson was not sentenced as a career offender under the guidelines. For example, Defendant argues his plea agreement specifically refers to the amended crack guidelines, but makes no mention of the career offender guidelines. Doc. 147 at 6. Thus, it is "more likely the parties based the agreed-upon sentence on a range derived from the crack guidelines rather than from the career-offender guidelines." *Id.* Yet, this premise ignores the simple fact that Defendant was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1, so his total offense level is not impacted by the 2014 retroactive guideline amendment to U.S.S.G. § 2D1.1. A career offender is not sentenced under U.S.S.G. § 2D1.1, so any amendment to U.S.S.G. § 2D1.1 is irrelevant as to Mr. Johnson.[1]

---

[1] As yet another example, for this same reason, Mr. Johnson's sixth argument does not change the Court's determination. He argues "the plea agreement evidences the intent of the parties that, if the Sentencing Commission were to make the crack guidelines less harsh in the future, Mr. Johnson should be able to take advantage of that."

Considering each of Defendant's eleven reasons outlined in his Motion to Reconsider, these reasons do not change the Court's ultimate conclusion that based on Defendant's status as a career offender, which the parties do not dispute, and based on the Rule 11(C)(1)(c) plea agreement, Defendant is not eligible for any reduction in his sentence. As the government appropriately notes, each of those eleven reasons argues the plea negotiations in this case must have been informed by U.S.S.G. § 2D1.1, and therefore Defendant is entitled to enjoy the benefits of § 2D1.1's amendment. Fatal to Defendant's position, however, is that he ignores the simple fact that he was and is designated as a career offender so he is not eligible for § 3582 relief. There is no dispute that § 2D1.1 had subsequently been lowered by the Sentencing Commission. But Defendant is a career offender, so the guideline applicable to him is USSG § 4B1.1 not § 2D1.1. Because Defendant was sentenced as a career offender, his total offense level was not impacted by the retroactive amendment.

The Court's alternative basis for finding Defendant ineligible for a reduced sentence under § 3582(c)(2) was that the Rule 11(c)(1)(C) agreement in this case did not tie the recommended sentence to the guideline range in *express* terms. *Freeman v. United States*, 131 S.Ct. 2685, 2695 (2011); *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013). Defendant pieces together eleven related arguments to persuade the Court to conclude circumstantially that the parties must have tied the Rule 11(c)(1)(C) agreement to § 2D1.1. Defendant does not rely on any binding authority that directs the Court to engage in this type of analytical framework, and the Court is bound by the plurality in *Freeman* that defendants are eligible for a sentence reduction *only* where the *plea agreement itself* ties the recommended sentence to the guideline range in *express* terms. *See* 131 S.Ct. at 2695, 2698. The Court

---

Doc. 147 at 6. However, a career offender is not sentenced under the drug guideline U.S.S.G. § 2D1.1, so any amendment to the drug guideline is irrelevant as to Mr. Johnson.

3

carefully considered this question, and concluded Mr. Johnson's plea agreement did not tie the agreement to a guideline in express terms.

The Court will not reconsider what it has already carefully considered. Accordingly, for the reasons set forth in this Memorandum Opinion and Order, the Defendant's Motion to Reconsider the Order Finding Him Ineligible for a Reduced Sentence Under 18 U.S.C. § 3582(c)(2), filed on February 9, 2017 (**Doc. 147**) is **DENIED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE